## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| Marie Adam Gray, *also known as* Marie Sanchez,<br><br>  Plaintiff,<br><br>vs.<br><br>GC Services Limited Partnership,<br><br>  Defendant. | Civil File No.: _____<br><br><br>**<u>COMPLAINT</u>**<br><br><br>**<u>JURY TRIAL DEMANDED</u>** |

### <u>INTRODUCTION</u>

1.    This action arises out of the Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. ("FDCPA").

### <u>JURISDICTION</u>

2.    Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d).

3.    Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here, and Defendant transacts business here.

### <u>PARTIES</u>

4.    Plaintiff Marie Adams Gray ("Gray" or "Plaintiff") is a natural person residing in the County of Dakota, State of Minnesota, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

5.    Defendant GC Services Limited Partnership ("GC" or "Defendant"), upon information and belief, is a foreign limited partnership that operates as a debt

collection agency from an address of 6330 Gulfton, Houston, Texas 77081.  GC is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

6.  Plaintiff allegedly incurred a financial obligation with ECMC, which is a creditor as that term is defined by 15 U.S.C. § 1692a(4).

7.  The alleged obligation was primarily for personal, family or household purposes, which is an alleged "debt" as that term is defined by 15 U.S.C § 1692a(5), namely a consumer debt.

8.  Plaintiff's alleged debt was consigned, placed or otherwise transferred to Defendant for collection from Plaintiff sometime before April 17, 2012.

9.  On or about April 24, 2012, a debt collector who was employed by GC left a telephonic message for Cliff Gray in an attempt to collect a debt from Plaintiff and in connection with the collection of a debt from Plaintiff, which was a communication as that term is defined by 15 U.S.C. § 1692a(2).

10.  In particular, the debt collector left the following telephonic message on or about April 24, 2012:

> Yes sir.  This message is for Cliff.  We have issues to contact Marie Sanchez.  If you could have Marie give me a call back at 877-551-9478.  File number is 949634.
>
> End of message.

11.  The telephonic message from on or about April 24, 2012 violated the FDCPA because GC failed to follow the procedures outlined in 15 U.S.C. § 1692b when communicating with a third party.

2

12. The telephonic message from on or about April 24, 2012 violated 15 U.S.C. § 1692d(6) because GC failed to provide a meaningful disclosure when the debt collector did not identify the name of the company.

13. The telephonic message from on or about April 24, 2012 violated 15 U.S.C. §§ 1692e(2)(A), and 1692e(10) when GC's debt collector said "[w]e have issues to contact Marie Sanchez . . . .".

14. Defendant's conduct caused Plaintiff actual damages under the FDCPA in the form of emotional distress, fear, humiliation and anxiety from being harassed by GC.

15. Plaintiff has incurred actual damages under the FDCPA in the form of out-of-pocket expenses as a result of GC's acts and omissions.

### *Respondeat Superior Liability*

16. The acts and omissions of Defendant's employee(s), who communicated with Plaintiff as more fully described herein, were committed within the time and space limits of her agency relationship with his principal, GC.

17. The acts and omissions by Defendant's employee(s) were incidental to, or of the same general nature as, the responsibilities this agent was authorized to perform by GC in collecting consumer debts.

18. By committing these acts and omissions against Plaintiff, Defendant's employee(s) was motivated to benefit his principal, GC.

19. Defendant GC is therefore liable to Plaintiff through the Doctrine of Respondeat Superior for the intentional and negligent acts, errors, and omissions done in

violation of state and federal law by its collection employee, including but not limited to violations of the FDCPA in her attempt to collect this debt from Plaintiff.

## **TRIAL BY JURY**

20. Plaintiff is entitled to and hereby demands a trial by jury. US Const. Amend. 7. Fed. R. Civ. Pro. 38.

## **CAUSES OF ACTION**

### **COUNT I.**

### **VIOLATIONS OF THE**
### **FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. § 1692 ET SEQ.**

21. Plaintiff incorporates by reference each and every above stated allegation as though fully stated herein.

22. The foregoing acts of the Defendant constitute distinct violations of the FDCPA against the Plaintiff herein, including but not limited to each and every one of the above cited provisions of the FDCPA, 15 U.S.C § 1692 *et. seq.*

23. As a result of said violations, Plaintiff has suffered actual damages in the form of humiliation, anger, anxiety, emotional distress, fear, frustration, and embarrassment, amongst other negative emotions, and therefore Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1) of the FDCPA.

24. As a result of said violations, Plaintiff has incurred out-of-pocket expenses, and therefore Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1) of the FDCPA.

25.   As a result of said violations, Plaintiff is entitled to statutory damages of $1,000.00

from Defendant, and for Plaintiff's attorney fees and costs pursuant to 15 U.S.C. §

1692k(a)(2)(A) and 15 U.S.C. § 1692k(a)(3).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully prays that this Court enter the

following judgment, in Plaintiff's favor:

## COUNT I: FDCPA VIOLATIONS

- For declaratory and injunctive relief;
- For an award of statutory damages of $1,000.00 for the Plaintiff herein, for violations of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(2)(A), against Defendant;
- For an award of costs and reasonable attorneys' fees under the FDCPA pursuant to 15 U.S.C. § 1692k(a)(3), against Defendant, for Plaintiff herein;
- For an award of actual damages, costs and reasonable attorney fees pursuant to 15 U.S.C. §1692k(a)(1) against Defendant herein in an amount to be determined at trial; and
- For such other and further relief as may be just and proper.

Dated:  May 11, 2012.                    **MARSO AND MICHELSON, P.A.**

By:   s/Patrick L. Hayes
          Patrick L. Hayes (0389869)
          William C. Michelson (129823)
          Attorneys for Plaintiff
          3101 Irving Avenue South
          Minneapolis, Minnesota 55408
          Telephone: 612-821-4817
          phayes@marsomichelson.com